PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. ALEJANDRO
OLIVERA-MEDINA, Defendant and Appellant.

No. 2249. Argued November 20, 1924.—Decided March 24, 1925.

1 NATIONAL PROHIBITION— JURISDICTION — CONCURRENT JURISDICTION. — Insular
    courts have no jurisdiction of a prosecution on an information running in
    the name of the United States filed under the National Prohibition Act and
    the Act of Congress of September 21, 1922.

District Court of Ponce, R. Díaz Cintrón, J. Judgment of convic-
    tion of a violation of the National Prohibition Act. Reversed.
José E. Figueras for the appellee. Forestier & Bahamonde for the
    appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

The United States District Attorney filed in the United
States District Court for Porto Rico an information run-
ning in the name of the United States and charging the
appellant with a violation of the National Prohibition Act.
The original information, without verification, was transmit-
ted to the Municipal Court of Ponce and later on appeal to
the District Court of Ponce, in which the appellant was
convicted of the offense as charged. He alleged then and
now that the lower court had no jurisdiction of the case,
inasmuch as the United States appears as complainant, and
the Fiscal of this court acquiesces in that plea.

In the case of People v. Rodríguez, 33 P.R.R. 379, rati-
fied in People v. Baragaño, 33 P.R.R. 949, it was alleged
that the District Court of Humacao had no jurisdiction,
because the action was brought in the name and by the au-
thority of The People of Porto Rico instead of in the name
and by the authority of the United States, the offense
charged being a violation of a national law, and this court
held that the jurisdiction conferred by the Congress of the
United States on the insular courts in cases of violations of
the National Prohibition Act did not carry with it the pro-
cedure followed in the United States District Court for
Porto Rico, but rather that the insular courts should fol-

low the same procedure as in cases of other local offenses within their exclusive jurisdiction. It was held also that the mere fact that Congress extended jurisdiction to the insular courts by prescribing expressly that "the jurisdiction of said Territorial magistrates and courts over said offenses to be the same which they now have over other criminal offenses within their jurisdiction" (Laws of Porto Rico, 1923, p. 96; Fed. Stat. Ann. 1922, p. 273) indicates clearly the intention of Congress that since our Organic Act (Jones Act) had already provided for the organization and procedure of the insular courts by conferring the power to regulate them upon the Legislature of Porto Rico, the prosecution and punishment of prohibition offenses should be done in accordance with the local rules of procedure prescribed by our local statutes. In view of these holdings, and inasmuch as section 10 of our Organic Act provides that all penal or criminal prosecutions in the local courts shall be conducted in the name and by the authority of The People of Porto Rico and the Code of Criminal Procedure prescribes that all complaints and informations shall be verified, it follows that both the municipal court and the district court were without jurisdiction of the defendant in this case.

The judgment appealed from is reversed and the appellant is acquitted.

Chief Justice Del Toro and Justices Wolf and Hutchison concurred in the judgment.

### CONCURRING OPINION OF MR. JUSTICE WOLF.

The prosecution in this case was begun by virtue of an information filed in the District Court of the United States for Porto Rico by virtue of an information filed by Ira K. Wells, United States Attorney for Porto Rico. Exactly how this information, so drawn, was being prosecuted in the District Court of Ponce does not appear. None of the

laws of Congress that I have seen prescribe rules for a change of venue or transfer from the United States District Court to a local court even if the local courts have by the Act of September 21, 1922, concurrent jurisdiction with the United States District Court. As the case was begun apparently in the United States District Court the jurisdiction of that court attached. Certainly the jurisdiction of the District Court of Ponce was never properly invoked and the defendant should be discharged.